## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. CR-25-499-JD** |
| | ) | |
| **TASHELLA SHERI AMORE** | ) | |
| **DICKERSON,** | ) | |
|    **a/k/a Sheri Dickerson,** | ) | |
|    **a/k/a Sheri Amore,** | ) | |
|    **a/k/a Rev. T. Sheri Dickerson,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT STATEMENT OF DISCOVERY CONFERENCE

This joint statement is submitted pursuant to LCrR16.1(b).

1.     Date Conference Held: December 29, 2025, within fourteen (14) days of the appearance before Magistrate Judge Shon T. Erwin where a plea of not guilty was entered.

2.     Names of the attorneys who attended the conference:
   U.S. Attorney/AUSA:  Jessica L. Perry and Matt Dillon
   Defense Attorney:  Sanjuanita Martinez and Jeff Byers
   ☐ Retained  ☒ Federal Public Defender/Assistant FPD or ☐ CJA Panel Member

**Counsel met for purposes of discussing the exchange of discovery materials in accordance with the Federal Rules of Criminal Procedure as supplemented by the Local Criminal Court Rules and any orders of this Court and, as a result of the conference, the undersigned counsel report the following:**

3.     The specific time, date and place at which the offense(s) charged is/are alleged to have been committed:

   As alleged in the Indictment.

4.     (a)(1) Any contested issues of discovery and inspection raised by counsel for plaintiff:

The United States requests all notices and discovery to which it is entitled under the Federal Rules of Criminal Procedure, the Local Rules, or any other federal law or rule, and will provide discovery on the understanding that counsel for Defendant will provide such discovery and notices on a timely basis.

The United States further requests that Defendant produce documents responsive to subpoenas issued to BLMOKC and Equity International, LLC, in August 2025, for which no response has been received.

(2)    Any contested issues of discovery and inspection raised by counsel for defendant:

Unknown at this time.  Counsel for the government will produce discovery electronically through a *.dat load file and will being production of documents as soon as practicable.  The Government anticipates the first round of production will include more than 150,000 documents and audio-visual files (280 GB).  The Government is also working to provide a disclosure portal through Axon for the production of audio/visual files. The parties agree a protective order is necessary before the production of documents commences.

Defendant requests all notices and discovery to which she is entitled under the Federal Rules of Criminal Procedure, the Local Rules, or any other federal law or rule.  Defendant requests that such notices and/or discovery be timely provided.

(b)    Any additional discovery or inspection desired by either party:

None at this time.

5.    The fact of disclosure of all materials favorable to the defendant or the absence thereof within the meaning of *Brady v. Maryland* and related cases:

Counsel for plaintiff expressly acknowledges continuing responsibility to disclose any material favorable to defendant within the meaning of *Brady* that becomes known to the government during the course of these proceedings.

6.    The fact of disclosure of the existence or nonexistence of any evidence obtained through electronic surveillance or wiretap:

The United States disclosed that discovery in this case includes pole camera footage, which if produced in its entirely would require Defendant to provide a 60TB hard drive. The United States agreed to provide a list of locations and time periods during which pole cameras were installed.  Due to the volume of that footage, the parties agreed the United States will produce the portions of the pole camera footage

identified as relevant by FBI. Defendant reserves the right to request additional pole camera footage.

7.     The fact of disclosure of the contemplated use of the testimony of an informer. (Include only the fact an informer exists and not the name or testimony thereof):

The United States will produce discovery related to individuals who made reports to the Federal Bureau of Investigation regarding Defendant's alleged misuse of funds as described in the Indictment.

8.     The fact of disclosure of the general nature of any evidence of other crimes, wrongs, or acts the government intends to introduce at trial pursuant to Fed. R. Evid. 404(b):

The United States will provide reasonable notice before trial of the general nature of any evidence of other crimes, wrongs, or acts the government intends to introduce at trial, as required by Fed. R. Evid. 404(b), the Federal Rules of Criminal Procedure, the Local Rules, or any other federal law, rule, or order.

9.     The fact of disclosure of the prior felony convictions of any witness the government intends to call in its case-in-chief:

Prior to trial, the United States will disclose full criminal histories for each witness it intends to call as a witness at trial.

10.     The resolution, if any, of foundational objections to documentary evidence to be used by both parties (except for the purpose of impeachment):

Unknown at this time.

11.     The resolution, if any, of chain-of-custody matters (where at issue):

None at this time.

12.     The resolution, if any, of the admissibility of any reports containing scientific analysis without requiring the expert's attendance at trial:

None at this time.

13.     The parties will provide each other with the opportunity to inspect any demonstrative evidence, representational exhibits or charts.

Counsel for both parties state that presently there are no additional matters of discovery presently known.

Counsel expressly acknowledge the obligation to produce these items(s) as soon as practicable, but in no event later than fourteen (14) days prior to the trial of this cause.  Counsel also expressly acknowledges continuing obligation to disclose any materials that become known to counsel during the course of the pretrial investigation of this case.

14.    Notice of Alibi:

Reserved by Defendant.

Pursuant to Fed. R. Crim. P. 12.1(a)(1), the United States requests notice of any alibi defense, based on the time, date, and place of the offense as alleged in the Indictment.

15.    Notice of Insanity Defense or Expert Testimony of Defendant's Mental Condition:

Reserved by Defendant.

16.    Notice of Defense Based on Public Authority:

Reserved by Defendant.

At the conclusion of this conference, counsel conferred concerning the contents of this joint statement.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s/Jessica L. Perry
Assistant U.S. Attorneys
Jessica L. Perry, OBA No. 22681
Matt Dillon, OBA No. 19321
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8743(Office)
(405) 553-8888 (Fax)
Jessica.Perry2@usdoj.gov
Matthew.Dillon@usdoj.gov

s/ Sanjuanita Martinez
Federal Public Defender
Jeff Byers, OBA No.:  17499
Assistant Federal Public Defender
Sanjuanita  Martinez,  Minnesota  Bar  No.:
0403329
215 Dean A. McGee, Suite 109
Oklahoma City, OK 73103
Telephone: 405-609-5930
Facsimile: 405-609-5932
Sanjuanita_Martinez@fd.org
Jeff.Byers@fd.org