IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| -vs- | ) No. CR-25-499-JD |
| TASHELLA SHERI AMORE DICKERSON, <br>   a/k/a Sheri Dickerson, <br>   a/k/a Sheri Amore, <br>   a/k/a Rev. T. Sheri Dickerson, | ) |
| Defendant. | ) |

**JOINT MOTION TO CONTINUE JURY TRIAL**

The United States and Defendant Tashella Sheri Dickerson jointly move to continue the trial scheduled for the January 2026 trial docket to a date to be determined after a pretrial conference with the Court. In support of this motion, the parties state as follows:

1. On December 3, 2025, a Federal Grand Jury returned an indictment charging Defendant with 20 counts of wire fraud, in violation of 18 U.S.C. § 1343, and five counts of money laundering, in violation of 18 U.S.C. § 1957(a). [Doc. 1.] The Indictment alleges Defendant, while serving as the Executive Director of Black Lives Matter Oklahoma Assn. (a/k/a Black Lives Matter OKC) ("BLMOKC") defrauded the organization and/or its donors by diverting organizational funds for her personal benefit, including wire transfers and check deposits into her personal bank accounts. The Indictment alleges she used the proceeds of the wire fraud to purchase a vehicle, six real properties, and for thousands of dollars in retail spending, recreational travel, and food

deliveries. The Indictment further alleges that Defendant used interstate wires to submit materially false reports to BLMOKC's fiscal sponsor, the Alliance for Global Justice. Finally, the Indictment alleges Ms. Dickerson engaged in money laundering by transferring proceeds of the alleged fraud through financial institutions to purchase five real properties—two in her personal name and three in the name Equity International LLC, and entity she exclusively controls.

2. On December 11, 2025, Defendant appeared before U.S. Magistrate Judge Shon T. Erwin for arraignment and entered a plea of not guilty. [Doc. 7.] Defendant was released on standard and special conditions, and the Court ordered a $5,000 unsecured bond. [Docs. 7, 8.] The Court also set trial on the January 2026 trial docket. [Doc. 7.]

3. Pursuant to the Speedy Trial Act, the jury trial in this case must commence within 70 days of Defendant's arraignment on December 11, 2025, unless a period of delay is excluded in computing the time within which the trial must commence. 18 U.S.C. § 3161(c)(1) and (h). Thus, unless the Court finds time excludable under the Act, trial in this case must commence no later than February 19, 2026.

4. This is the first motion to continue filed by either party.

5. On December 29, 2025, pursuant to Rule 16.1 of the Local Criminal Rules for the Western District of Oklahoma, counsel met for a discovery conference. The parties discussed the voluminous discovery in this case, which includes documents produced in response to more than 70 subpoenas (including, *e.g.*, financial records, real property records, records from nonprofit organizations, county records regarding bail payments, records from retailers), recorded interviews, as well as the results of four

search warrants served on electronic service providers and/or remote computing services (Google, Facebook, Dropbox, and Yahoo). The Government also disclosed that discovery includes images of electronic devices seized pursuant to a search warrant at Defendant's residence, including 8 cellular phones, 3 laptops, 3 tablets, and a smart watch. The Government further disclosed that discovery includes pole camera footage, which if produced in its entirety, would require a 60TB hard drive for production.[1] The parties agreed upon the manner of production to facilitate the review of the voluminous discovery in a document review platform, and the United States is preparing a load file to begin the production of documents in the necessary format. The Government anticipates the *first round* of production will contain more 158,000 documents and audio-visual files, after deduplication, with a data size of 280GB. The parties further discussed the need for a protective order before documents production could commence, and a motion for protective order has been filed in conjunction with this motion to continue.

6.   The parties agree this is a complex case that has been under investigation by the Government for years. Given the voluminous discovery, defense counsel needs additional time to review the materials after they are produced by the Government, and to consult with Defendant regarding the allegations in the Indictment. The requested continuance is based on legitimate needs of the defense to fully and properly investigate the charges and prepare for trial, taking into account the exercise of due diligence.

---

[1] The parties have agreed that, for the time being, the Government will produce only those portions of the pole camera footage that FBI has identified as relevant to the investigation. Defendant reserves the right to request further portions of the pole camera footage.

7.      The delay resulting from this requested continuance is excludable under the Speedy Trial Act upon a finding by the Court that the "ends of justice" served by continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).  In determining whether to grant a continuance under Section 3161(h)(7)(A), the Court must consider certain statutory factors.  The relevant factors in this case include: (1) whether failure to grant such a continuance would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice; (2) "whether the case is so unusual or so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section"; and (3) even in a case that is not complex, whether the failure to grant such a continuance would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *Id.* § 3161(h)(7)(B)(i), (ii), & (iv).

8.      The parties request a designation that this case is complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  This case involves allegations of a complex fraud scheme, involving dozens of witnesses and voluminous financial records and other discovery, such that the parties cannot adequately prepare for trial within the time limits established by the Speedy Trial Act.  The Government also anticipates the potential for pleadings under the Classified Information Procedures Act, 18 U.S.C. App. III, which requires further discussion with the Court.

9.      Furthermore, pursuant to other factors identified in 18 U.S.C. § 3161(h)(7)(B), a failure to grant the continuance as requested by counsel would result

in a miscarriage of justice because it would require defense counsel to proceed to trial without having the opportunity to fully review hundreds of thousands of pages of discovery, review hours of video and audio recordings, review the images of multiple electronic devices, and otherwise prepare an adequate defense. Accordingly, the Court's failure to grant a continuance would deny Defendant the reasonable time necessary for effective investigation and preparation for trial, taking into account the exercise of due diligence. Pursuant to *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009), the parties have articulated sufficient factors for the Court to find that the "ends of justice" would be served by granting the continuance.

10. The parties request a pretrial conference to discuss with the Court an appropriate date for the trial setting, considering the voluminous discovery and other pretrial matters.

11. Defendant has signed a waiver of her rights under the Speedy Trial Act, which is attached as Exhibit A.

                    Respectfully submitted,

                    ROBERT J. TROESTER
                    United States Attorney

                    <u>s/Jessica L. Perry</u>
                    Assistant U.S. Attorneys
                    Jessica L. Perry, OBA No. 22681
                    Matt Dillon, OBA No. 19321
                    210 Park Avenue, Suite 400
                    Oklahoma City, Oklahoma 73102
                    (405) 553-8743(Office)
                    (405) 553-8888 (Fax)
                    Jessica.Perry2@usdoj.gov

Matthew.Dillon@usdoj.gov

s/ Sanjuanita Martinez
Federal Public Defender
Jeff Byers, OBA No.: 17499
Assistant Federal Public Defender
Sanjuanita Martinez, Minnesota Bar No.: 0403329
215 Dean A. McGee, Suite 109
Oklahoma City, OK 73103
Telephone: 405-609-5930
Facsimile: 405-609-5932
Sanjuanita_Martinez@fd.org
Jeff.Byers@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2026, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Sanjuanita Martinez, Counsel to Defendant
Jeff Byers, Counsel to Defendant

                                               *s/ Jessica L. Perry*
                                               JESSICA L. PERRY