IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  -vs-  )<br>  )<br>TASHELLA SHERI AMORE  )<br>DICKERSON,  )<br>  a/k/a Sheri Dickerson,  )<br>  a/k/a Sheri Amore,  )<br>  a/k/a Rev. T. Sheri Dickerson,  )<br>  )<br>  Defendant.  ) | No. CR-25-499-JD |

## JOINT STATUS REPORT

Pursuant to the Court's Order [Doc. 23], the United States and Defendant Tashella Sheri Dickerson jointly submit this Joint Status Report to the Court regarding the status of discovery, the proposed scheduling order (submitted contemporaneously with this report), and matters related to the Classified Information Procedures Act. The parties state as follows:

1. On December 3, 2025, a Federal Grand Jury returned an indictment charging Defendant Tashella Sheri Dickerson ("Defendant") with 20 counts of wire fraud, in violation of 18 U.S.C. § 1343, and five counts of money laundering, in violation of 18 U.S.C. § 1957(a). [Doc. 1.]

2. On December 11, 2025, Defendant appeared before U.S. Magistrate Judge Shon T. Erwin for arraignment and entered a plea of not guilty. [Doc. 7.] Defendant was

released on standard and special conditions, and the Court ordered a $5,000 unsecured bond. [Docs. 7, 8.] The Court also set trial on the January 2026 trial docket. [Doc. 7.]

3. On December 29, 2025, pursuant to Rule 16.1 of the Local Criminal Rules for the Western District of Oklahoma, counsel met for a discovery conference. The parties discussed the voluminous discovery in this case, which includes documents produced in response to more than 70 subpoenas (including, *e.g.*, financial records, real property records, records from nonprofit organizations, county records regarding bail payments, records from retailers), recorded interviews, as well as the results of four search warrants served on electronic service providers and/or remote computing services (Google, Facebook, Dropbox, and Yahoo). The Government also disclosed that discovery includes images of electronic devices seized pursuant to a search warrant at Defendant's residence, including 8 cellular phones, 3 laptops, 3 tablets, and a smart watch. The Government further disclosed that discovery includes pole camera footage, which if produced in its entirety, would require a 60TB hard drive for production.[1] The parties agreed that the United States would produce discovery, where possible, in a load file enabling defense counsel to review documents in an Everlaw document review platform (enabling defense counsel to review the voluminous discovery in a searchable format). The parties further discussed the need for a protective order before documents production could commence.

---

[1] The parties have agreed that, for the time being, the Government will produce only those portions of the pole camera footage that FBI has identified as relevant to the investigation. Defendant reserves the right to request further portions of the pole camera footage.

4.	On January 5, 2026, the parties filed a Joint Motion to Continue Trial [Doc. 20] asking the Court to continue the trial set for January 2026 to a later date, which would be determined after a pretrial conference with the Court.  On January 12, 2025, the Court granted in part and reserved in part the Joint Motion to Continue and continued the trial to the March 2026 trial docket. [Doc. 21.]  The Court reserved any further continuance beyond March 2026.  The Court entered an Amended Pretrial Order, which contemplated a March 2026 trial setting, and ordered the parties to file a Joint Status Report by February 9, 2026. [Orders at Docs. 22 and 23.]

5.	On January 5, 2026, the United States filed a Motion for Protective Order [Doc. 19], and the Court entered the requested Protective Order on January 12, 2026 [Doc. 24].

6.	On January 13, 2026, upon entry of the Protective Order, the United States produced the first round of discovery to Defendant, which included more 158,000 documents and audio-visual files, after deduplication, with a data size of about 280GB.

7.	On January 21, 2026, Assistant U.S. Attorneys Jessica Perry and Matt Dillon met with Defendant's attorneys Jeff Byers and Sanjuanita Martinez in person and provided a notebook containing "hot documents," which correspond to the allegations in the Indictment.

8.	On February 6, 2026, the United States provided a second round of discovery to defense counsel, containing an additional 8,496 documents after deduplication.  This production also included approximately two weeks of pole camera footage, which FBI has identified as relevant to this fraud investigation.

9. On February 6, 2026, the United States received a 4TB hard drive from defense counsel, which it needed to produce copies of all electronic devices seized from Ms. Dickerson during the execution of a search warrant on or about August 26, 2025. The United States has begun copying those electronic devices to the hard drive and will produce the electronic devices to defense counsel immediately upon completion of the data transfer (anticipated to be complete no later than February 13, 2026).

10. The United States has also conferred with defense counsel regarding the production of audio files (primarily audio recorded witness interviews). Defense counsel has agreed to accept production of audio files via an Axon/Evidence.com disclosure portal. The United States has uploaded 29 audio files to Axon's disclosure portal and has provided information to defense counsel about how to set up an account to access the disclosure portal. The files in the disclosure portal have been made available to the defense and will be available to view or download for a period of 90 days but can be reproduced upon request after 90 days.

11. The United States is continuing to prepare a third Everlaw load file, which it anticipates producing by March 1, 2026. After production of the third Everlaw load file, discovery from the United States will be substantially complete, subject to additional items that may arise before trial.

12. The United States anticipates that issues of discovery, disclosure, or use of classified information will arise during this case. Accordingly, the United States plans to file a motion pursuant to Section 2 of the Classified Information Procedures Act (CIPA), which will request a pretrial conference with the Court to discuss matters pertaining to

classified discovery. The parties' proposed scheduling order requires the United States to file the CIPA Section 2 Motion by March 1, 2026, and proposes that the Court hold a CIPA conference on or about April 15, 2026, subject to the Court's calendar.

13. The United States anticipates filing a sealed, *ex parte* CIPA Section 4 motion, which the proposed scheduling order requires by June 15, 2026. Section 4 of CIPA authorizes federal district courts to deny, or otherwise restrict, discovery of classified documents and information in the possession, custody, or control of the United States. 18 U.S.C. App. III § 4; *see, e.g., United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998); *United States v. Yunis*, 867 F.2d 617, 619-625 (D.C. Cir. 1989). The CIPA 4 filing requires Assistant U.S. Attorneys Jessica Perry and Matt Dillon to coordinate with Trial Attorney Eli Ross, the attorney assigned to this matter by the Counterintelligence & Export Control Section of the National Security Division. Mr. Ross currently has a trial scheduled for March 24, 2026, through April 15, 2026. Accordingly, this proposed deadline will allow counsel for the United States to confer with Mr. Ross about the CIPA 4 filing, as required, upon completion of his trial. The CIPA 4 filing also requires certain declarations from the equity holders which takes additional time to obtain.

14. Due to the voluminous discovery and issues pertaining to classified information, counsel have conferred regarding a reasonable trial setting in this matter and have conferred regarding a proposed scheduling order. The parties agree a trial setting no earlier than December 2026 is necessary to provide the reasonable time for effective investigation and preparation for trial, taking into account the exercise of due diligence.

The proposed scheduling order will be submitted contemporaneously with this report to the Court's orders inbox as directed.

15.     Counsel have conferred concerning the contents of this joint statement and agree on this written statement.

                Respectfully submitted,

                ROBERT J. TROESTER
                United States Attorney

                s/Jessica L. Perry
                Assistant U.S. Attorneys
                Jessica L. Perry, OBA No. 22681
                Matt Dillon, OBA No. 19321
                210 Park Avenue, Suite 400
                Oklahoma City, Oklahoma 73102
                (405) 553-8743(Office)
                (405) 553-8888 (Fax)
                Jessica.Perry2@usdoj.gov
                Matthew.Dillon@usdoj.gov

                s/ Sanjuanita Martinez
                Federal Public Defender
                Jeff Byers, OBA No.: 17499
                Assistant Federal Public Defender
                Sanjuanita Martinez, Minn. Bar No.: 0403329
                215 Dean A. McGee, Suite 109
                Oklahoma City, OK 73103
                Telephone: 405-609-5930
                Facsimile: 405-609-5932
                Sanjuanita_Martinez@fd.org
                Jeff.Byers@fd.org

## CERTIFICATE OF SERVICE

      I hereby certify that on February 9, 2026, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Sanjuanita Martinez, Counsel to Defendant
Jeff Byers, Counsel to Defendant

                                      *s/ Jessica L. Perry*
                                      JESSICA L. PERRY