**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-25-00499-JD |
| | ) | |
| TASHELLA SHERI AMORE | ) | |
| DICKERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>SECOND AMENDED SCHEDULING ORDER</u>**

This matter shall be set on the Court's **December 1, 2026, jury trial docket**. A

pretrial conference will be set by separate order at a later date.

Upon consideration of the parties' proposed amended scheduling order, the Court

imposes the following deadlines and requirements as modified by this Order:

1. The United States' sealed, *ex parte* CIPA Section 4 filing shall be filed by **September 3, 2026**.

2. Pretrial motions (e.g., motions to suppress) must be filed by **September 15, 2026**. Responses thereto shall be filed by **September 30, 2026**. All motions and responses must comply with LCrR12.1. Parties must attach or otherwise submit any disputed evidence at issue to the Court with the motion and response.

3. Expert disclosures pursuant to Fed. R. Crim. P. 16(a)(1)(G) or 16(b)(1)(C) shall be filed by **September 30, 2026**, and conducted in accordance with this Court's General Order 23-2. The party requesting expert-witness disclosures shall make a timely request.

4. Notice of any defenses enumerated in Fed. R. Crim. P. 12.1, 12.2 (insanity; mental defect), or 12.3 (public authority) shall be filed by **September 30, 2026**.

5. Status conference (if needed) with all parties to be held on or about **October 19, 2026**, subject to the Court's availability. Counsel for the parties shall advise the Court by **October 12, 2026**, if the status conference is necessary, whether a

court reporter is necessary, and the topics the parties intend to cover with the Court.

6.  Plea changes shall be filed or presented to the Court by **November 13, 2026**. By filing or presentment, the Court expects actual plea paperwork, not merely notice that the parties anticipate a plea change.

7.  If the parties anticipate trial, they shall each submit to the Judge's orders inbox a list of all foreseeable issues at least 4 days before the pretrial conference.[1]

8.  In the interest of the administration of justice and for the Court's preparation of all cases on its criminal trial dockets, the Court imposes the following deadlines for pretrial submissions **if this case is to be tried**:

    a.  The government should provide notice to Defendant of any Federal Rule of Evidence 404(b) evidence it intends to offer at trial in accordance with Rule 404(b)(3) by **October 26, 2026**.

    b.  Motions in limine[2] and *Daubert* motions (or any challenge to an expert witness), jury instructions,[3] verdict form, and requested voir dire shall be due by **November 2, 2026**. All motions must comply with LCrR12.1(d)

---

[1] For discussion at the pretrial conference, counsel shall submit a list of all foreseeable issues that will arise on admissibility of evidence, whether any unusual or non-pattern jury charges are needed, and any other issues that can or must be dealt with in advance of trial. Defendant may submit any such issue to the Court ex parte if Defendant reasonably believes that disclosure would reveal defense trial strategy or otherwise disclose protected information. However, any ex parte submission by Defendant shall be limited to those issues for which such concern exists.

[2] Motions in limine and responses to motions in limine must be omnibus and are subject to a twenty-five (25) page limit for the omnibus motion and omnibus response. No reply will be permitted absent leave of Court. Parties must attach or otherwise submit any disputed evidence at issue to the Court with the motion and response.

[3] Tenth Circuit Criminal Pattern Jury Instructions, 2026 Edition or as later updated, requested by the parties shall be referenced by their numbers. Each non-pattern instruction shall be accompanied by a brief stating the statutory or jurisprudential authority for the instruction, with Supreme Court and Tenth Circuit authority being preferred. A simple case citation will not suffice. If the non-pattern instruction is a deviation from the Tenth Circuit Criminal Pattern Jury Instruction, the parties must redline any proposed deviations. A copy of requested jury instructions in Microsoft Word Version must be emailed to dishman-orders@okwd.uscourts.gov.

and (e).

c.  Any responses or objections to motions in limine and *Daubert* motions (or any challenge to an expert witness), jury instructions, verdict form, and requested voir dire shall be due by **November 13, 2026**. Responses must comply with LCrR12.1(e).

d.  The parties shall submit an agreed summary of the indictment by **November 13, 2026**, if a summary is to be used.

e.  Consistent with the requirements in LCrR26.1(b), the parties shall submit stipulations to be made with respect to the undisputed facts and the authenticity of documents by **November 13, 2026**.

f.  The parties shall each submit a list of witnesses expected to be called in the appropriate order they are to be called by **November 20, 2026, by 3:00 p.m**. The witness list must include current hometown addresses.

g.  The parties shall submit a list of exhibits and exhibit notebooks by **November 20, 2026, by 3:00 p.m**. The parties shall submit 3 hard copies of exhibit lists and exhibit notebooks and provide a thumb drive of all trial exhibits.

This Order governs these deadlines and supplants any contrary deadlines in the local criminal rules. Failure to comply with the Court's order and the rules may result in the inability to present issues at trial.

IT IS SO ORDERED this 6th day of August 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

3