**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>vs.<br><br>TASHELLA SHERI AMORE DICKERSON,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: CR-25-499-JD |

**<u>DEFENDANT'S UNOPPOSED MOTION TO CONTINUE JURY TRIAL</u>**

Tashella Sheri Amore Dickerson, through undersigned counsel, respectfully requests that the Court continue the trial in this matter, currently set for December 1, 2026, to the Court's February 2027 trial docket. A continuance is necessary due to the complexity of the case and volume of discovery, changes in the defense team, the shift from pursuing a potential resolution to preparing for trial, and the additional investigation, expert consultation, and trial preparation that remain necessary. In support of this request, counsel states as follows:

1. On December 3, 2025, a criminal indictment was returned charging Ms. Dickerson with twenty counts of wire fraud, in violation of 18 U.S.C. § 1343, and five counts of money laundering, in violation of 18 U.S.C. § 1957(a). (Doc. 1). The Indictment alleges Defendant, while serving as the Executive Director of Black Lives Matter Oklahoma Assn. (a/k/a Black Lives Matter OKC) ("BLMOKC"),

defrauded the organization and/or its donors by diverting organizational funds for her personal benefit.

2. On December 11, 2025, Ms. Dickerson appeared for arraignment and entered a plea of not guilty. (Doc. 7). She was released on standard and special conditions, and the Court ordered a $5,000 unsecured bond. (Doc. 8). The Court set the trial on the January 2026 trial docket. (Doc. 7).

3. Pursuant to the Speedy Trial Act, the jury trial must commence within 70 days of Defendant's arraignment on December 11, 2025, excluding any periods of delay that are properly excluded from the calculation under the Act. See 18 U.S.C. § 3161(c)(1), (h).

4. The parties previously filed one Joint Motion to Continue Jury Trial. (Doc. 20). After hearing from the parties, the Court granted the motion, finding that the case was complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) and that the resulting period of delay was excludable under the Speedy Trial Act. (Doc. 29). The Court continued the trial to its December 1, 2026, jury trial docket and established a pretrial schedule consistent with the parties' proposal. If the present motion is granted, both the trial date and the deadlines established by the Court's scheduling order will need to be continued accordingly.

5. In its February 27, 2026, Order, the Court designated this case as complex based, in part, on the volume of discovery already produced and anticipated

to be produced by the Government. To date, defense counsel has received more than 240,000 Bates-stamped documents, including hours of audio and video recordings, as well as approximately six terabytes of data obtained from electronic devices seized during the investigation, pole-camera footage, and various online messaging platforms. The parties have agreed upon a method of production designed to facilitate review of this voluminous discovery through a document-review platform, and the Government's production is now essentially complete. Although defense counsel has devoted substantial time to reviewing and organizing these materials, significant review and investigation remain necessary before trial, including further analysis of the financial and electronic records, additional witness interviews, consultation with expert witnesses, and preparation of potential defenses and trial exhibits.

6. This case also presented issues arising under the Classified Information Procedures Act ("CIPA"). (Doc. 29). Pursuant to the Court's Scheduling Order, the Government recently completed the applicable CIPA proceedings on September 18, 2026. (Doc. 46). The parties do not anticipate any further disclosures of classified information or additional proceedings under CIPA. The completion of the CIPA proceedings has also now clarified the evidence at issue, allowing defense counsel to proceed with trial preparation accordingly.

7. On June 30, 2026, lead defense counsel withdrew from her representation of Ms. Dickerson after accepting employment outside the State of Oklahoma. (Doc. 41). As a result, the undersigned co-counsel has assumed a greater role in the preparation of the case, and additional counsel from the Federal Public Defender's Office has joined the defense team to assist in preparing for trial. This transition has necessarily required new members of the defense team to become familiar with the case, the issues presented, and the substantial discovery produced to date. Assistant Federal Public Defender Traci L. Rhone and Legal Research and Writing Specialist Lea Glossip have now entered their appearances in this matter. (Docs. 49, 50).

8. Considering the volume and complexity of the discovery, the substitution and addition of counsel within the Federal Public Defender's Office, the need to shift from pursuing a potential negotiated resolution to preparing for trial in light of the Court's existing deadlines, and the substantial investigation and preparation that remain, counsel for Ms. Dickerson respectfully requests additional time to prepare for trial. Although counsel has diligently pursued the defense of this case, significant work remains, including reviewing and analyzing discovery, consulting with potential experts, interviewing additional witnesses, and completing the necessary investigation. Counsel therefore respectfully submits that a continuance of the current trial date would serve the ends of justice by affording the

defense reasonable time to complete these essential tasks, adequately prepare for trial, and ensure that Ms. Dickerson receives the effective assistance of counsel guaranteed by the Sixth Amendment.

9. This request is not the result of a lack of diligent preparation by counsel. Rather, despite counsel's exercise of due diligence, proceeding on the current schedule would not permit adequate preparation for trial in this complex case. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Although the Court must "protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act," *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) (citing 18 U.S.C. § 3161(h)(7)(A)), the Speedy Trial Act gives the Court some discretion to "accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 499 (2006). Here, the circumstances identified above explain both what preparation remains and why that preparation cannot reasonably be completed before the current trial date and demonstrate that the ends of justice served by granting the requested continuance outweigh the best interests of the public and Ms. Dickerson in a speedy trial. S*ee* 18 U.S.C. § 3161(h)(7)(A).

10. Ms. Dickerson has previously executed a Waiver of Speedy Trial. (Doc. 27). Consistent with the continuance requested herein, counsel will file a second Waiver of Speedy Trial signed by Ms. Dickerson. The requested continuance will not prejudice Ms. Dickerson. To the contrary, her waiver confirms that she has

been advised of her speedy trial rights and agrees that the requested limited delay is in her best interest because it will allow defense counsel adequate time to prepare for trial.

11. Counsel for Ms. Dickerson has conferred with Assistant United States Attorneys Jessica Perry and Matthew Dillon regarding this request. Under the circumstances presented, the United States does not oppose the requested continuance.

WHEREFORE, Ms. Dickerson, through undersigned counsel, respectfully requests that the Court continue the trial in this matter from the December 1, 2026, trial docket to the February 2027 trial docket; strike the deadlines established by the existing scheduling order; and permit the parties to submit a proposed amended scheduling order for the Court's consideration.

Respectfully submitted,

*/s/ Jeffrey M. Byers*

Jeffrey M. Byers
Federal Public Defender

Traci L. Rhone
Assistant Federal Public Defender

Lea Glossip
Legal Research and Writing Specialist
Office of the Federal Public Defender
215 Dean A. McGee, Suite 109
Oklahoma City, OK 73102
Telephone: (405) 609-5930